TOWN OF BROOKFIELD *v.* TOWN OF BRAINTREE.

The parties to an appeal from an order of removal of a pauper, which was pending in the county court, agreed, that the suit should be discontinued, and that the defendants should pay to the plaintiffs the "costs" which had accrued. *Held,* that this did not include the expense of maintaining the pauper after the order of removal was made, and while the pauper could not be removed by reason of sickness; but that the plaintiffs were entitled to have allowed to them the costs and expenses of the court of inquiry, the expenses of the agent in preparing the suit for trial, and their costs and counsel fees in court.

APPEAL from an order of removal of a pauper, made by two justices of the peace, pursuant to the statute. While the appeal was pending in the county court the parties agreed, that the suit should be discontinued, and that the defendants should pay to the plaintiffs the "costs" which had accrued,—to be taxed by the clerk. Upon appeal from the taxation by the clerk, the plaintiffs claimed to be allowed the costs of the court of inquiry, the expenses of the agent in preparing the suit for trial, the costs and counsel fees in court, and the expenses of maintenance and medical care for the pauper, after the order of removal was made, and while the pauper was unable to be removed, by reason of sickness. The county court, June Term, 1848,—REDFIELD, J., presiding,—allowed the bill of costs, as claimed by the plaintiffs. Exceptions by defendants.

*J. P. Kidder*, for defendants, insisted, that the expenses claimed were not a proper item of "cost," but that the plaintiffs' remedy, to recover them, was by action upon the statute,—Rev. St. 102, Sec. 6.

*Hebard & Martin* for plaintiffs.

BY THE COURT. The cost and expenses incurred about the prosecution of the appeal, both ordinary and extraordinary, and which would have been taxable in favor of the plaintiffs, if they had prevailed upon trial, we think were properly taxable in the case, under the contract. But the expense of maintaining the pauper during the pendency of the appeal, and which, had the order been affirmed, might have been recovered by an action of assumpsit, we think cannot be allowed, under this contract.

Judgment reversed, and judgment rendered for the taxable costs and expenses as above stated; from which the defendants' costs in this court are to be deducted, and execution to issue for the balance.